UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 07-351 |
| GREGORY WILFRED, JR. | SECTION I |

ORDER & REASONS

Defendant Gregory Wilfred, Jr. ("Wilfred") has filed a motion for appointment of legal counsel "to represent him in his motion for compassionate release."[1] Wilfred states that he should be appointed counsel because he "does not have access to legal materials or resources to file an adequate response" to the government's opposition[2] to his motion for compassionate release while he is "on modified lockdown" at Yazoo City Low.[3] The motion for appointment of counsel is denied for the following two reasons.

I.

First, the Court has already considered and denied Wilfred's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).[4] Therefore, his stated reason for seeking counsel is moot.

Second, there is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). In the context

---

[1] R. Doc. No. 79.
[2] R. Doc. No. 71.
[3] R. Doc. No. 79, at 2–3.
[4] R. Doc. No. 78.

of 18 U.S.C. § 3582(c)(2) motions, which are analogous to compassionate release motions pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) like Wilfred's, "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." *United States v. Joseph*, No. 15-307, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (Vance, J.) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995), and *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam)).

"Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Mogan*, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) (Morgan, J.) (quoting *United States v. Rodriguez*, No. 10-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (citing *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008))); *see* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). The interests of justice do not require that counsel be appointed where a "defendant's motion does not involve complicated or unresolved issues" or where a defendant proves capable of representing himself pro se. *See Joseph*, 2020 WL at *2 (quoting *Moore*, 400 F. App'x at 852 (addressing a § 3582(c)(1)(A)(i) motion on appeal)) (internal citation and alterations omitted);

The interests of justice do not require that the Court appoint counsel for Wilfred. The motion at issue, now resolved, was not complex, *see United States v. Drayton*, No. 10-20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) ("[A] claim for compassionate release is not particularly complex factually or legally."), and

2

Wilfred proved fully capable of representing himself on the matter pro se.[5] *See United States v. Delco*, No. 09-57, 2020 WL 4569670, at *2–3 (E.D. La. Aug. 7, 2020) (Ashe, J.) (declining to appoint counsel to a defendant seeking compassionate release, observing that there was "no indication" that the defendant, who had submitted a twenty-two page brief, was "incapable of adequately presenting his motion pro se."); *see also United States v. Hames*, No. 09-39, 2020 WL 3415009, at *1 (E.D. Tex. June 19, 2020) (denying appointment of counsel for defendant seeking compassionate release who submitted a well-reasoned, albeit ultimately unsuccessful brief, and provided no basis to suggest that appointment of counsel would help him obtain relief).

II.

Accordingly,

**IT IS ORDERED** that Wilfred's motion for the appointment of counsel is **DENIED**.

New Orleans, Louisiana, August 12, 2020.

                                            **LANCE M. AFRICK**
                                  **UNITED STATES DISTRICT JUDGE**

---

[5] *See* R. Doc. No. 69 (providing cogent, well-articulated reasons why the defendant was seeking compassionate release and supporting those arguments with documentation of programs he had successfully completed and certificates he had obtained while incarcerated).